Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Priscilla A. Parrett, OSB No. 227185
pparrett@swlaw.com
SNELL & WILMER L.L.P.
601 SW Second Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone: 503.624.6800
Facsimile: 503.624.6888
Attorneys for Plaintiffs Littlejohn Financial Services,
Inc. and Fred David Littlejohn II

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| LITTLEJOHN FINANCIAL SERVICES, INC., an Oregon corporation, and FRED DAVID LITTLEJOHN II, an Oregon resident,<br><br>Plaintiffs,<br><br>v.<br><br>ARCH INSURANCE COMPANY, a Missouri corporation,<br><br>Defendant. | Case No. 6:25-cv-1846<br><br>**COMPLAINT**<br><br>(1)     Breach of Contract<br>(2)     Declaratory Relief<br>(3)     Negligence<br><br>Demand: $350,000 |

## JURISDICTION AND VENUE

1.      Plaintiffs Littlejohn Financial Services, Inc. ("LFS") is an Oregon corporation with its principal place of business in Roseburg, Oregon.

2.      Plaintiff Fred David Littlejohn II ("David Littlejohn") is an individual who resides in and is a citizen of Oregon.

3.      Defendant Arch Insurance Company ("Arch") is a Missouri corporation with its principal place of business in Jersey City, New Jersey.

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

5. The Court has personal jurisdiction over Arch because Arch agreed to provide Registered Investment Advisor Professional Liability Insurance to LFS and David Littlejohn, and LFS operates within the City of Roseberg, Oregon. This action arises from Arch's breaches of this insurance policy agreement in connection with an underlying lawsuit filed against LFS and David Littlejohn in this Court, concerning conduct allegedly occurring in this District.

6. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District. *See* LR 3-2.

## PARTIES TO THE ACTION

7. Plaintiff LFS is a Registered Investment Advisor with the U.S. Securities and Exchange Commission and provides financial advisory services. Plaintiff David Littlejohn is the founder and principal of LFS.

8. Defendant Arch is an insurance company formed under the laws of the State of Missouri. Its principal place of business is in New Jersey.

## GENERAL ALLEGATIONS

9. Arch issued Registered Investment Advisor Professional Liability Insurance Policy to LFS and David Littlejon, Policy No. RAL01568622-01 ("Policy") for the period December 1, 2020 to December 1, 2021, which was retroactive to January 1, 2015. The Policy limits of liability are $1,000,000 per claim and $2,000,000 in the aggregate, subject to a deductible of $5,000. A copy of the Policy is attached hereto at Exhibit 1.

10. The Policy provides that "Insurer shall pay on behalf of the Insured all Loss which the Insured shall become legally obligated to pay as a result of any Claim first made

against the Insured during the Policy Period…for a Wrongful Act by the Insured….”

11. The Policy further provides that "[t]he Insurer has the sole right to appoint counsel and the right and duty to defend any Claim made against the Insured."

12. The Policy defines "Wrongful Acts" as "any actual or alleged negligent act, error or omission solely while performing Professional Services, for others." The term "Professional Services" is defined as "(a) financial, economic and/or investment advice; (b) financial planning services, including but not limited to, advice regarding personal risk management or planning for insurance, savings, investment or retirement…." "Loss" is defined as "sums which the Insured is legally obligated to pay solely as a result of any Claim insured by this Policy, including Defense Costs, damages, judgments (including any pre- or post-judgment interest, settlement amounts, and legal fees and costs awarded pursuant to judgments."

13. On September 8, 2021, The Carol A. Machado Revocable Living Trust ("Machado Trust"), a client of LFS and David Littlejohn, issued a Notice of Claim to LFS and David Littlejohn accusing LFS and David Littlejohn of professional malpractice in relation to services provided for the Machado Trust ("Notice of Claim").

14. On or about September 28, 2021, Plaintiffs tendered that claim letter to Arch.

15. On December 13, 2021, Arch issued a Disclaimer of Coverage Letter to Plaintiffs.

16. On April 25, 2024, the Machado Trust filed a Complaint against Plaintiffs in the United States District Court of Oregon, Case No. 6:24-cv-00707-MC ("Underlying Action"). In the Underlying Action, the Machado Trust alleged claims against LFS and David Littlejohn for professional malpractice, negligence, and breach of fiduciary duty. The Machado Trust alleged, among other things, that they had suffered monetary losses in the amount of $1,079,200 as a result of investments allegedly recommended to them by LFS and David Littlejohn.

17. Since filing the initial complaint, the Machado Trust has filed two amended complaints. A copy of the operative complaint, which is the Second Amended Complaint, in the Underlying Action is attached hereto at Exhibit 2. The Second Amended Complaint alleges elder abuse in addition to financial losses, and seeks treble damages and attorney fees.

18. David Littlejohn tendered the Complaint in the Underlying Action to Arch.

19. On June 28, 2024, Arch responded to the tender by reaffirming their prior Disclaimer of Coverage and refusing to defend LFS and David Littlejohn in the Underlying Action.

20. On August 8, 2024, counsel for LFS and David Littlejohn again reached out to Arch requesting that Arch take over defense of the Underlying Action and tendering the First Amended Complaint.

21. On September 5, 2024, Arch again responded reaffirming their prior Disclaimer of Coverage.

22. The Underlying Action proceeded with motions practice and discovery. The parties to the Underlying Action engaged in significant settlement efforts, including a settlement conference and follow up over the course of several months. As of the date of this Complaint, the Underlying Action continues.

23. The Underlying Action remains pending, and Plaintiffs continue to incur costs of the defense which should be born by Arch.

24. The amount that Plaintiffs have expended in their defense exceeds $100,000.

25. Plaintiffs will continue to incur defense costs as the case continues to progress.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract - Duty to Defend Under the Policy)

26. LFS and David Littlejohn realleges paragraphs 1 through 24 and incorporates the same as though fully set forth herein.

27. The Notice of Claim and the Complaint in the Underlying Action alleged claims against LFS and David Littlejohn that are covered under the Policy. As described above, the Notice of Claim alleged professional malpractice and the Complaint in the Underlying Action alleges professional malpractice, negligence, and breach of fiduciary duty.

28. Under the Policy, Arch had a duty to provide a defense to LFS and David Littlejohn against the claims asserted in the Notice of Claim and the Underlying Action.

29. LFS and David Littlejohn met all conditions of coverage under the Policy, and all conditions precedent to Arch's performance have occurred.

30. Arch failed and refused to provide a defense to LFS and David Littlejohn under the Policy and incorrectly concluded that Arch had no duty to defend.

31. Arch breached the Policy by failing and refusing to pay LFS's and David Littlejohn's defense costs beginning with the Notice of Claim and continuing through the Underlying Action.

32. As a result of such breach, LFS and David Littlejohn have paid and will be required to continue to pay defense costs to resolve the Underlying Action.

33. Accordingly, LFS and David Littlejohn are entitled to an award against Arch, under the Policy, of its unreimbursed defense costs (including attorney fees, expert fees, costs, and disbursements) in the amount exceeding approximately $100,000.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment per ORS 28.010)

34.     LFS and David Littlejohn realleges paragraphs 1 through 32 and incorporates the same as though fully set forth herein.

35.     An actual controversy exists between LFS and David Littlejohn on the one hand, and Arch on the other, because the parties disagree as to whether Arch has a duty to defend and indemnify LFS and David Littlejohn in the Underlying Action.

36.     Accordingly, pursuant to ORS 28.010 (Oregon's Uniform Declaratory Judgments Act), LFS and David Littlejohn request that this Court enter a judgment declaring that Arch has and had a duty to defend LFS and David Littlejohn in the Underlying Action, that it has a duty to pay any and all other losses which LFS and David Littlejohn may become legally obligated to pay as a result of the Underlying Litigation, and to reimburse LFS and David Littlejohn for the defense costs and fees incurred to date in the Underlying Action, under the Policy.

## THIRD CLAIM FOR RELIEF

### (Negligence)

37.     LFS and David Littlejohn realleges paragraphs 1 through 35 and incorporates the same as though fully set forth herein.

38.     Because Arch sells insurance and provides insurance coverage to Oregon consumers, it is subject to ORS 746.230(1) which imposes a standard of care on Arch that is independent of the obligations under the Policy.

39.     Arch negligently performed its obligations under ORS 746.230(1) in its decision to refuse to defend LFS and David Littlejohn upon receipt of the Notice of Claim and in the Underlying Action.

40. In refusing to defend LFS and David Littlejohn upon receipt of the Notice of Claim, and in continuing to refuse to defend LFS and David Littlejohn in the Underlying Action, Arch violated ORS 746.230(1) in at least the following ways:

   a. Violating ORS 746.230(1)(b) which requires an insurer to act promptly upon communications relating to claims;

   b. Violating ORS 746.230(1)(d) by refusing to pay claims without conducting a reasonable investigation based on all available information;

   c. Violating ORS 746.230(1)(e) by failing to affirm or deny coverage within a reasonable time;

   d. Violating ORS 746.230(1)(f) by not attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear;

   e. Violating ORS 746.230(1)(g) by compelling the Machado Trust to initiate litigation to recover amounts by offering substantially less (zero) than they may recover in the Underlying Action;

   f. And violating ORS 746.230(1)(l) by failing to promptly settle claims where liability has become reasonably clear.

41. Arch knew, or in the exercise of reasonable care as an insurance company, should have known, that its acts or omissions in refusing to defend LFS and David Littlejohn would create an unreasonable risk of harm to its insureds. *See Moody v. Or. Cmty. Credit Union*, 371 Or. 772 (2023).

42. As a result of Arch's negligent performance of its statutory obligations when administering the Policy, LFS and David Littlejohn have suffered the economic loss of the more than $100,000 in defense fees that they have paid to date, as well as out-of-pocket expenses of

counseling arising from the symptoms of emotional distress listed below.

43.     As a result of Arch's negligent performance of its statutory obligations when administering the insurance contract, LFS and David Littlejohn suffered noneconomic losses of emotional distress of frustration, indignity, stress, insomnia, depression, and anxiety caused by the refusal to defend it upon tender of the Notice of Claim and in the Underlying Action, in an amount not to exceed $250,000.

## PRAYER FOR RELIEF

WHEREFORE, LFS and David Littlejohn pray for judgment as follows:

A.     On the First Claim for Relief, an award of the attorney fees, expenses, expert fees, and costs, that LFS and David Littlejohn have had to pay and continue to pay in defending against the claims of the Underlying Lawsuit—an amount in excess of approximately $100,000 and subject to proof at trial;

B.     On the Second Claim for Relief, for a declaration that Arch has and had a duty to defend LFS and David Littlejohn in the Underlying Action, that Arch has a duty to pay any and all other losses that LFS and David Littlejohn may incur as a result of the Underlying Action, and to reimburse LFS and David Littlejohn for the defense costs and fees incurred in the Underlying Action, under the Policy;

C.     On the Third Claim for Relief, LFS and David Littlejohn's economic losses in an amount in excess of approximately $100,000, and noneconomic losses in the amount of $250,000.

/ / /

/ / /

/ / /

D.      An award of LFS and David Littlejohn's attorney fees and costs in prosecuting this action, pursuant to ORS 742.061; and

E.      Such other and further relief as the Court deems necessary or just.

DATED this 8th day of October, 2025.

                    SNELL & WILMER L.L.P.

                    /s/ *Priscilla Ayn Parrett*
                    Clifford S. Davidson, OSB No. 125375
                    Priscilla Ayn Parrett, OSB No. 227185
                    Attorneys for Plaintiffs Littlejohn Financial
                    Services, Inc. and Fred David Littlejohn II